IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00401-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  CRUZ MARCELENO,

     Defendant.
_____

## ORDER FOR RESTORATION OF COMPETENCY
## OF THE DEFENDANT
_____

On January 28, 2010, the Court held a competency hearing in this case after having received the Forensic Evaluation from the Federal Bureau of Prisons, Federal Detention Center, Englewood, Colorado, dated January 11, 2010.  The Federal Detention Center submitted the Forensic Evaluation pursuant to the Court's Order of November 13, 2009 committing defendant Cruz Marceleno to the custody of the Attorney General for psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241(a) and 4247(b).

Based upon the evaluator's review of prior custodial records regarding Mr. Marceleno, his observations of Mr. Marceleno at the Federal Detention Center, his review of other background materials, and his administration of various neuropsychological and psychological tests to Mr. Marceleno, including the CAST-MR and the Mac-CAT tests regarding legal competency, the Forensic Evaluation noted that "[w]hile Mr. Marceleno was able to demonstrate adequate factual understanding of his

case, legal proceedings, and issues related to assisting his defense, he was unable to demonstrate rational understanding in those areas.  In addition, cognitive testing indicates his lack of rational understanding may be due to cognitive deficits (including possibly due to low IQ, organic injury, substance-induced cognitive impairment, or other origin)."  The Forensic Evaluation further concluded that "[i]n view of Mr. Marceleno's cognitive deficits and lack of rational understanding of issues related to competency, it is recommended that he be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. Section 4241(d)" which would "allow for a longer period of observation and more extensive assessment of Mr. Marceleno's level of cognitive functioning, as well as allow for an effort to restore Mr. Marceleno to competency through education on the relevant legal concepts where he currently demonstrated difficulty."

At the January 28, 2010 hearing, counsel for both parties agreed that the Forensic Evaluation provided an adequate basis for the Court to commit Mr. Marceleno to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d)(1). The Court agrees and finds by a preponderance of the evidence that Mr. Marceleno is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  *See* 18 U.S.C. § 4241(d). Therefore, it is

ORDERED that, pursuant to 18 U.S.C. §§ 4241(d)(1) and 4247(b), defendant is committed to the custody of the Attorney General for placement in a suitable facility for a reasonable time, not to exceed four months, as is necessary to determine whether

2

there is a substantial possibility that in the foreseeable future defendant Cruz

Marceleno will attain the capacity to permit the proceedings to go forward.  It is further

ORDERED that the examiner designated to conduct the psychiatric and/or

psychological examination and treatment of the defendant shall prepare a report that

includes the following pursuant to 18 U.S.C. § 4247(c):

1.  The defendant's history and present symptoms;

2.  A description of the psychiatric, psychological and medical tests that were

employed and the results;

3.  The examiner's findings;

4.  The examiner's opinion as to diagnosis and prognosis; and

5.  Whether the defendant is suffering from a mental disease or defect rendering

him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense and

whether there is a substantial possibility that in the foreseeable future the defendant will

attain the capacity to permit the proceedings to go forward.  It is further

ORDERED that the director of the facility where such examination and treatment

is conducted shall file copies of the report with the Court on or before expiration of the

four-month period of hospitalization under 18 U.S.C. § 4241(d)(1), and shall provide

copies of such report to counsel for the government and for the defendant.

DATED January 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

3